# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TODD M. HONEYCUTT,

    *Petitioner*,

2:06-cv-00634-RLH-GWF

vs.

ORDER

BILL DONAT, *et al.*,

    *Respondents*.

This habeas matter comes before the Court on respondents' motion (#71) to reconsider order, which timely seeks amendment of the prior order and judgment (## 69 & 70) conditionally granting a writ of habeas corpus.  The issue presented concerns the proper scope of the remedy on remand following upon a decision by the Court of Appeals affirming in part and reversing in part the prior denial of federal habeas relief.

### *Background*

Petitioner Todd Honeycutt challenges his 1999 Nevada state conviction, pursuant to a jury verdict, of: (a) one count of first-degree kidnapping and two counts of sexual assault in No. C151952 (the "sexual assault case"); and (b) one count of solicitation of murder in No. C156839 (the "solicitation case").

Honeycutt initially was charged in the sexual assault case with the May 16, 1998, first-degree kidnapping and sexual assault of Karen Bates.  The first trial ended in a mistrial due to a hung jury.

Prior to the retrial in the sexual assault case, Honeycutt was charged in the solicitation case with allegedly having sought in November and December 1998 to have Bates murdered.

1    The cases were joined for trial on the State's motion and over a defense objection.

2    At the hearing on the motion for joinder, the State argued, *inter alia*, as follows in

3    support of joinder of the cases for trial:

4    These two cases, it is absolutely compelling how
     interrelated they are. Any argument that they are not interrelated

5    is quite frankly, just [specious]. I mean, if you look at it, you have
     this defendant on, in May of 1998 . . . sexually assaulting and

6    kidnaping this victim and . . . from that day on he has engaged in
     a continuous course of conduct with this victim . . . . [W]hat we

7    have was . . . the sexual assault and the kidnaping and then when
     he was taken into custody we had phone calls to the victim on the

8    eve of the preliminary hearing to intimidate, we had letters to the
     victim during the process, ultimately leading up until after the first

9    trial with the hung jury and the defendant actually soliciting the
     murder of the sexual assault victim, hoping that that would take

10   care [of it] and cause his sexual assault case to be dismissed.

11   There is no way you can try the solicitation for murder case
     without going into the facts of the sexual assault and kidnaping

12   case. I mean, that . . . clearly goes to the motive and intent as to
     why he wanted this woman murdered, is because she reported

13   him and went through the criminal justice process against him as
     a defendant in a rape case. So the two case[s] are very much

14   interrelated.

15   Additionally, the solicitation for murder evidence is cross
     admissible as evidence of consciousness of guilt and the case

16   law also supports that. In Abram vs. State . . . the court held that
     it is sometimes relevant to show that an accused has threatened

17   a witness with violence. The court further ruled that declarations
     made after the commission of the crime which indicate

18   consciousness of guilt or are inconsistent with innocense or tend
     to establish intent may be admissible. And in Reese v. State . . .

19   the court ruled that the conduct of an accused which show[s]
     consciousness of guilt is admissible even though it may in itself

20   be criminal. I would submit to you judge that this defendant hiring
     another inmate to murder the victim in this case absolutely shows

21   consciousness of guilt as to his sexual assault and kidnap case.

22   #20, Ex. 24, at 2-3.

23   At the joint trial, the State introduced testimony by a jailhouse informant and an

24   undercover officer that petitioner allegedly solicited them to murder the victim. The State

25   introduce this testimony, *inter alia*, to establish consciousness of guilt on the sexual assault

26   case – *i.e.*, as inculpatory evidence as to a case where he had been represented by counsel

27   at the time of the statements. Evidence of guilt on the sexual assault case – including this

28   evidence of alleged consciousness of guilt – in turn was used to establish motive in the

1  solicitation case.  No limiting instruction was given restricting this dual use of the evidence.

2  Indeed, such dual use was the *raison d'être* for the joinder of the cases.  *See, e.g.,* #75, Att.

3  A, at 5-7; *id.*, Att. B, at 1 & 3-8; *id.*, Att. C, at 2-7 (representations by the parties in this regard

4  on the federal appeal in the Ninth Circuit).

5          Honeycutt was convicted of all charges in both cases in the joint trial.

6          On direct appeal, petitioner raised a number of grounds, including: (a) constitutional

7  claims challenging the joinder of the cases; and (b) constitutional claims challenging the

8  introduction of certain statements that he allegedly made to the jailhouse informant and

9  undercover detective.

10         The state supreme court rejected all claims of error.  The court rejected Honeycutt's

11  challenge to the joinder of the cases in part due to the cross-admissibility of the evidence in

12  one case also in the other.  The court stated: "In this case, in a trial of the solicitation to

13  commit murder charge,  the sexual assault and kidnapping would be admissible to establish

14  motive, and in a trial of the sexual assault and kidnapping charges, the solicitation to commit

15  murder would be admissible to show consciousness of guilt."  *Honeycutt v. State*, 118 Nev.

16  660, 668, 56 P.3d 362, 367 (2002).  The court rejected a number of claims, including the

17  claims challenging the admission of certain jailhouse statements, summarily in a footnote.

18         Subsequently, on federal habeas review, petitioner presented a number of grounds,

19  including claims challenging the joinder and the admission of certain jailhouse statements.

20  This Court denied relief on all grounds.

21         The Ninth Circuit affirmed on all grounds except the ground challenging admission of

22  certain jailhouse statements under *Massiah v. United States*, 377 U.S. 201 (1964).

23         In affirming the Court's rejection of the joinder claim, the Ninth Circuit  noted, *inter alia*,

24  that the "[e]vidence of the sexual assault and kidnapping was cross-admissible with the

25  evidence of solicitation." #58, at 6.

26         The Court of Appeals held as follows regarding the *Massiah* claim:

27                  The  Nevada  Supreme  Court  unreasonably  denied
           Honeycutt's *Massiah v. United States*, 377 U.S. 201 (1964),
28         claim.  The Sixth Amendment did not bar the State's investigation

1
2
3
4
5

of the solicitation charge, even though Honeycutt was previously charged with the related offenses of sexual assault and kidnapping. *See McNeil v. Wisconsin*, 501 U.S. 171, 175–76 (1991) ("The police have an interest . . . in investigating new or additional crimes [after an individual is formally charged with one crime.]" (alterations in original) (quoting *Maine v. Moulton*, 474 U.S. 159, 179 (1985)). Nor did it bar the government from using Honeycutt's deliberately elicited statements as evidence of guilt on the solicitation charge.

6
7
8
9
10
11
12
13

But the Sixth Amendment did forbid the government from using deliberately elicited statements to incriminate the defendant on charges to which the right of counsel had already attached. *See Moulton*, 474 U.S. at 180. Applying this rule, we conclude that this case is indistinguishable from *Moulton*. Here, as in *Moulton*, the state elicited incriminating statements through an informant (and undercover agent) while the defendant was under indictment. *See id.* at 177 (the state "knew that [the defendant] would make statements that he had a constitutional right not to make to their agent prior to consulting with counsel"). Here, as in *Moulton*, the incriminating statements led to a new charge being filed against Honeycutt. Here, as in *Moulton*, the state used Honeycutt's deliberately elicited statements to incriminate him on charges to which his right of counsel had already attached.

14
15
16
17
18

We do not reach the issue of whether the violation of Honeycutt's *Massiah* right was harmless error. "Usually when the government fails to argue harmlessness, we deem the issue waived and do not consider the harmlessness of any errors we find." *U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1100 (9th Cir. 2005) ("This makes perfect sense in light of the nature of the harmless-error inquiry: it is the government's burden to establish harmlessness, and it cannot expect us to shoulder that burden for it."). None of the exceptions to the harmless-error waiver rule applies here. *See id.* at 1100–01.

19   #58, at 7-9.

20   The disposition on the appeal stated simply: "AFFIRMED IN PART AND REVERSED

21   IN PART." #58, at 9.

22   ***Discussion***

23   The question at this juncture is what remedy is appropriate following the Ninth Circuit's

24   holding that the state supreme court unreasonably rejected petitioner's *Massiah* claim in a

25   circumstance where the sexual assault case was joined for trial with the solicitation case. The

26   issue in particular is whether a retrial should be ordered on both cases where the evidence

27   in question properly would have been admissible in the solicitation case had it been tried

28   standing alone -- which it of course in fact was not because the cases were tried together.

-4-

Federal courts have broad discretion in fashioning appropriate habeas relief:

> In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id.* (internal quotations omitted).   More specifically, a court may issue a conditional writ that requires the state to release a petitioner unless it takes some other remedial action, such as retrial of the petitioner. *Herrera v. Collins*, 506 U.S. 390, 403, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Braunskill*, 481 U.S. at 775, 107 S.Ct. 2113 ("[F]ederal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court.").   The United States Supreme Court recently provided guidance on crafting a habeas remedy.  In a case concerning a Sixth Amendment violation, the Court stated:

>> [R]emedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.' Thus, a remedy must 'neutralize the taint' of a constitutional violation, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution.

> *Lafler v. Cooper*, —— U.S. ——, 132 S.Ct. 1376, 1388–89, 182 L.Ed.2d 398 (2012) (quoting *United States v. Morrison*, 449 U.S. 361, 364–65, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981)). . . . .

*Lujan v. Garcia*, 734 F.3d 917, 933-34 (9th Cir. 2013).

In the present case, the State elected to try the cases together, relying upon the evidence introduced to obtain a conviction on the sexual assault case also to establish motive in the solicitation case.  While the evidence in both cases was fairly strong, each case nonetheless turned to a not insignificant degree on credibility.  That point is to an extent reflected in the fact that the first trial of the sexual assault case ended in a hung jury.

The Court thus now is presented with a situation where, under the Ninth Circuit's decision, evidence in the sexual assault case – which in turn was used also to establish motive in the solicitation case – was introduced in violation of the Sixth Amendment.

Given that the rule of *Massiah* is offense specific, the State could have presented the same evidence in a separate trial solely on the solicitation case without violating the Sixth Amendment.  But it did not.  The State instead presented the evidence in a joint trial where

1  the evidence of the alleged solicitation effort was used to establish guilt on the sexual assault
2  case – which in turn was used to establish motive in the solicitation case.  In the manner in
3  which the case was tried by the State, the conviction in the solicitation case thus also
4  ultimately is grounded upon evidence introduced in violation of the Sixth Amendment.  While
5  the State seeks to neatly parse between the effect of the error as if the cases were tried
6  separately, the cases were not tried separately.

7      The State elected to pursue the two cases in a manner in which the convictions could
8  stand – and perhaps also fall – together.  If the jury, unlike at the first trial, found for the State
9  on the sexual assault case, it would be more likely as a practical matter that the jury also
10  would find for the State in the solicitation case.  At the second trial, that determination in the
11  sexual assault case was made by the jury based upon evidence admitted in violation of the
12  Sixth Amendment.  Conditioning a grant of the writ on a retrial instead only on the sexual
13  assault case would give the State, not the petitioner, the benefit of a windfall.  Such a limited
14  remedy would uphold a result obtained through a joint trial where the convictions on *both* the
15  sexual assault and solicitation cases ultimately trace back – through cross-admissibility – to
16  evidence admitted in violation of the Sixth Amendment in the joint trial.  While such a violation
17  would not have occurred as to the solicitation case on similar evidence if the solicitation case
18  had been tried separately, that, again, is not what the State did here.  Particularly following
19  the Ninth Circuit's holding that any harmless error argument is waived herein, which now is
20  law of the case, the State simply will have to lie in a bed of its own making as to the effect of
21  the Sixth Amendment violation on both of the cases in the joint trial.

22      Respondents' motion therefore will be denied with regard to the primary relief sought.[1]

23

24  _____

25      [1]The Court is not persuaded that the Ninth Circuit affirmed as to the conviction in the solicitation case
    and reversed only as to the conviction in the sexual assault case.  Nothing in the final disposition made such
26  a specification.  Rather, it appears that the disposition refers to the Ninth Circuit having reversed the rejection
    of the *Massiah* ground and affirmed the rejection of all remaining grounds.  The issue here is remedy.  The
27  statement in the Court of Appeals memorandum that the Sixth Amendment "did not bar the government from
    using Honeycutt's deliberately elicited statements as evidence of guilt on the solicitation charge," standing
28  alone, does not itself speak to the proper remedy for the erroneous admission of the evidence as evidence of
    guilt on the sexual assault case where the cases were tried jointly.

The Court will, however, modify the judgment to allow respondents an opportunity to obtain review of the decision herein through to an initial panel decision on the issue in the Court of Appeals.  The Court will reset the time for the State to file an election as to whether to retry petitioner to 60 days from, *inter alia*, such an initial panel decision.  Thereafter, however, respondents must seek any further stay of relief, including of the election deadline, from a reviewing court pending any requests for panel rehearing, *en banc* rehearing, and/or *certiorari* review.  This Court will not delay proceeding forward with the conditional grant of relief past the point where the Court of Appeals either has addressed the issue in an initial panel decision or has definitively declined to consider the issue at that level.[2]

The Court is not persuaded that it would be proper for it to place any restriction, as requested by petitioner, on whether the cases again can be tried jointly.  The Ninth Circuit upheld the state supreme court's rejection of a challenge to the joinder of the cases *per se*.  Of course, in any joint retrial, the Ninth Circuit's *Massiah* holding essentially would be law of the case.

This Court's prior order (#69) was intentionally indefinite in this regard, stating only that "a" retrial must commence within 120 days of the State's election to retry.  In amending the prior order, the Court will specify that, if the matters are severed by the state court, the first retrial will be timely in this regard if commenced within 120 days of the election and the second retrial will be timely if commenced within 60 days of a conclusive verdict in the retrial of the first case.  The disposition of any request for relief as to joinder or severance is a matter to be determined by the state court with regard to retrial of the currently joined cases.

IT THEREFORE IS ORDERED that respondents' motion (#71) to reconsider order is GRANTED IN PART and DENIED IN PART as per the remaining provisions of this order.

IT FURTHER IS ORDERED that the Clerk of Court shall enter an amended judgment that repeats the immediately following paragraph verbatim in the amended judgment.

---

[2]If respondents pursue multiple avenues of review -- such as both a proceeding seeking to enforce the mandate and an appeal from this order and the amended judgment – respondents should advise the Court of Appeals in each proceeding of the multiple avenues being pursued.

1    IT IS ORDERED that a writ of habeas corpus is conditionally GRANTED such that the

2    state court judgment of conviction filed on December 8, 1999, in Nos. C151952 and C156839

3    in the Eighth Judicial District Court, State of Nevada, hereby is VACATED and that within sixty

4    (60) days of entry of judgment, or, if review is sought in the Court of Appeals, from the initial

5    panel decision either addressing the challenge to the Court's order and judgment or

6    definitively declining to consider the challenge, petitioner Todd Michael Honeycutt, Inmate No.

7    63545, shall be released from custody unless respondents within that time file in this matter

8    a written notice of election to retry petitioner and the State thereafter commences jury

9    selection in a retrial within one hundred twenty (120) days following the filing of the notice of

10   election to retry petitioner, subject to request for reasonable modification of the time periods

11   in the judgment by petitioner and/or respondents pursuant to Rules 59 or 60.  If the joined

12   cases against petitioner are severed by the state court, retrials will be timely for purposes of

13   the judgment herein if the retrial on one of the severed cases commences within one hundred

14   twenty (120) days of the election to retry and a retrial on the remaining case commences

15   within sixty (60) days of a conclusive verdict in the first case retried.

16   The Clerk further shall SEND a copy of this order and the amended judgment to the

17   Clerk of the Eighth Judicial District Court, in connection with that court's Nos. C151952 and

18   C156839.

19   DATED:  May 12, 2014.

20

21

22                                         _____

23                                         ROGER L. HUNT
                                          United States District Judge
24

25

26

27

28

-8-