# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TODD M. HONEYCUTT,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents*.

2:06-cv-00634-RLH-GWF

ORDER

This habeas matter comes before the Court on petitioner's motion (#79) to alter or amend or reconsider judgment, which was filed within the time period for seeking relief from the May 12, 2014, amended judgment under Rule 59.

On April 14, 2014, following upon the decision of the Court of Appeals, the Court directed entry of judgment conditionally granting the writ of habeas corpus. Under the conditional writ grant, the convictions in both the joined sexual assault case and the solicitation case (as described previously herein) were vacated subject to the ability of the State to elect to retry petitioner within 30 days of entry of judgment and to commence a retrial within 120 days of the election.

Respondents filed a timely Rule 59 motion contending that only the conviction in the sexual assault case should be vacated under the Ninth Circuit's decision. The Court denied the principal relief sought. However, the Court altered the prior judgment in the following fashion and for the following reason:

> The Court will, however, modify the judgment to allow respondents an opportunity to obtain review of the decision herein

> through to an initial panel decision on the issue in the Court of Appeals. The Court will reset the time for the State to file an election as to whether to retry petitioner to 60 days from, *inter alia*, such an initial panel decision. Thereafter, however, respondents must seek any further stay of relief, including of the election deadline, from a reviewing court pending any requests for panel rehearing, *en banc* rehearing, and/or *certiorari* review. This Court will not delay proceeding forward with the conditional grant of relief past the point where the Court of Appeals either has addressed the issue in an initial panel decision or has definitively declined to consider the issue at that level.

#77, at 7 (footnote regarding alternative appellate court remedies omitted).

Petitioner now seeks Rule 59 relief to eliminate any allowance in the election deadline for appellate review by respondents. That is, petitioner requests that the Court reinstate the original 30 day deadline running from the May 12, 2014, amended judgment, thereby requiring respondents to seek any stay of execution of the writ from the Court of Appeals.

The Court proceeds on the premise that it is within its discretion to modify the May 12, 2014, amended judgment in the manner sought without petitioner first establishing, *e.g.*, a manifest error of law, newly discovered evidence, a manifest injustice, or an intervening change in the law.

The April 14, 2014, judgment set a time period of 30 days from entry of the judgment for the State to elect to retry the case intentionally without making any express provision as to an appeal from the judgment, which followed a remand. The judgment of course could not and did not preclude an appeal, but the Court was not providing for that eventuality unless and until the prospect of a challenge to the judgment was raised. In contrast, in a conditional writ grant entered following a district court decision in the first instance, the Court typically instead will order that the 30 day period runs from the later of the conclusion of any proceedings seeking appellate or *certiorari* review of the Court's judgment, if affirmed, or the expiration of the delays for seeking such appeal or review.

When the Court framed its order following respondents' post-judgment motion, it then was clear that review would be sought. The Court proceeded on the basis that once the Court of Appeals rules at the panel level as to the propriety of the relief ordered by this Court under the prior panel decision that likely will be the functional end of the matter. However,

if respondents do not prevail at that level, they nonetheless undeniably have the right to seek further review notwithstanding this Court's pragmatic assumption. An order requiring the State to file a notice as to election to retry instead within only 30 days from the panel decision effectively could lead to the Court of Appeals being presented with an emergency motion for a stay filed along with a motion for panel and/or *en banc* rehearing filed within 14 days of the panel decision. The 60 day time period running from the panel decision in the May 12, 2014, amended judgment instead allows for a reasonable time for consideration of any such rehearing petition and stay motion by the Court of Appeals, including potentially with respect to a poll on a request for *en banc* rehearing. After that, if respondents have not obtained relief through that point, respondents then will be subject to the orders of reviewing courts with respect to obtaining a stay before the election deadline expires.

The Court is not persuaded on petitioner's motion that it should draw the line differently. The order as drawn benefits petitioner by not automatically extending the election to retry deadline through the ultimate conclusion of any post-panel and/or *certiorari* proceedings. The order otherwise draws the line at a point that does not force the Court of Appeals into a posture of considering a request for a further stay on a necessarily emergency motion for relief, either prior to or immediately following a panel decision.

On these post-remand issues, both counsel have "come out of the gate" maintaining that the other side did not need any extended time to respond or seek review because the issue was not complex or debatable. See #73, at 2 (seeking to shorten the time for petitioner's response to respondents' post-judgment motion because the issue was not complex); #79, at 3 (seeking to further curtail respondents' ability to delay execution of the judgment while seeking review because "[a]ny continued opposition to this remedy would lack merit"). Both counsel have been wrong. While the Court is sanguine that it ordered the correct relief under the panel decision, the issue nonetheless is a debatable one. The fact that a *Massiah* violation is offense specific and the fact that the State could have presented essentially the same evidence in a severed trial in the solicitation case with no constitutional error in that case make it a debatable issue. The issue certainly is debatable enough that the

Court has framed its order in a manner in which the Court of Appeals will not have to consider a request for further extension of the election deadline before addressing the underlying issue on the appeal or otherwise on an unreasonably short time frame.[1]

IT THEREFORE IS ORDERED that petitioner's motion (#79) to alter or amend or reconsider judgment is DENIED.

DATED: June 11, 2014.

_____
ROGER L. HUNT
United States District Judge

---

[1] The Court is not persuaded that an alleged fact that the solicitation case sentence has been fully expired would lead to a different result. The sentence in the solicitation case ran consecutive to, *inter alia*, sentences in the sexual assault case. Petitioner "expires" the sentence in the solicitation case by ruling out the time served on intervening consecutive sentences in the sexual assault case due to the conditional writ grant. He applies that time instead to the sentence on the solicitation case to then argue that the issue as to the solicitation case need not be resolved prior to the State making a retrial election in the sexual assault case. With respect, this argument is a red herring. The conditional writ grant vacates *all* the convictions. Under the Court's judgment, petitioner has not served *any* time against an extant conviction – including a conviction in the solicitation case – unless and until he is convicted on one or more charges in a retrial or retrials. How time served *ultimately* might be applied to a then-extant conviction for some or all of the offenses after a retrial or retrials has no bearing on any issue currently before the Court. For example, if the ultimate result of retrial, conviction, and sentencing were the same, then petitioner's solicitation charge sentence would be ahead of him, not behind him as he suggests. If petitioner again is convicted on all of the charges, the prospect that the solicitation sentence – for allegedly trying to have the complaining witness in the sexual assault case murdered – would run earlier than the sexual assault case sentences in an overall sentence structure would be rather remote. Meanwhile, respondents still have a right to be able to effectively seek review of the writ grant that vacates the solicitation case conviction unless petitioner is retried on that charge as well.

The Court thus is not persuaded that the State need not wait for a final disposition on the solicitation case issue before deciding whether to retry the sexual assault case. #79, at 6. The Court understands that petitioner wants a ruling forcing the State to sever the cases. To date, neither the Ninth Circuit nor this Court have required that the cases be severed, although that perhaps may be the ultimate practical result of the Ninth Circuit's *Massiah* holding. See #77, at 7. Meanwhile, the Court declines the invitation otherwise to do indirectly what the Court of Appeals and this Court have declined to do directly.