# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TODD M. HONEYCUTT,

    *Petitioner*,

vs.

BILL DONAT, *et al.*,

    *Respondents*.

2:06-cv-00634-RLH-GWF

ORDER

    This habeas matter comes before the Court on petitioner's motion for release (#90). On April 14, 2014, following upon the decision of the Court of Appeals, the Court directed entry of judgment conditionally granting the writ of habeas corpus. Under the conditional writ grant, the convictions in both the joined sexual assault case and the solicitation case (as described previously herein) were vacated subject to the ability of the State to elect to retry petitioner within 30 days of entry of judgment and to commence a retrial within 120 days of the election.

    Respondents filed a timely Rule 59 motion contending that only the conviction in the sexual assault case should be vacated under the Ninth Circuit's decision. The Court denied the principal relief sought. However, the Court altered the prior judgment in the following fashion and for the following reason:

> The Court will, however, modify the judgment to allow respondents an opportunity to obtain review of the decision herein through to an initial panel decision on the issue in the Court of Appeals. The Court will reset the time for the State to file an election as to whether to retry petitioner to 60 days from, *inter alia*, such an initial panel decision. Thereafter, however, respondents must seek any further stay of relief, including of the election deadline, from a reviewing court pending any requests for panel rehearing, *en banc* rehearing, and/or

> *certiorari* review. This Court will not delay proceeding forward with the conditional grant of relief past the point where the Court of Appeals either has addressed the issue in an initial panel decision or has definitively declined to consider the issue at that level.

#77, at 7 (footnote regarding alternative appellate court remedies omitted).

On June 18, 2014, respondents filed a motion to enforce/clarify mandate under the original appeal. CA #09-16785 (*see* #90, Ex. 2). Respondents also filed a notice of appeal from the court's judgment on June 10, 2014 (#82). At the joint request of the parties, the Ninth Circuit panel that had granted relief in the prior appeal heard the motion to enforce/clarify the mandate. On July 9, 2014, the panel denied the motion in a one-sentence order (#90, Ex. 1).

On September 19, 2014, petitioner filed a motion for release (#90). Respondents opposed (#91), and petitioner replied (#92). Petitioner argues that the July 9, 2014 Ninth Circuit order denying the motion to enforce/clarify the mandate constitutes the initial panel decision that "addressed the issue . . . or has definitively declined to consider the issue," and thus triggered the sixty-day time period for the State to file an election as to whether it will retry petitioner. *Id*. at 3. The court disagrees. The parties' cross-appeals on the proper scope of the remedy were heard by a Ninth Circuit panel on October 6, 2014. The panel issued its Memorandum affirming this court on October 16, 2014 (#93). As this court's previous order made clear, *that* panel decision triggers the sixty-day period.

IT THEREFORE IS ORDERED that petitioner's motion for release (#90) is DENIED.

DATED: October 20, 2014.

_____
ROGER L. HUNT
United States District Judge